UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA LEWIS,
on behalf of R.L.P.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Civil Action No. 19-13627
Honorable David M. Lawson
Magistrate Judge Elizabeth A. Stafford

# REPORT AND RECOMMENDATION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 16, 19]

Plaintiff Angela Lewis, on behalf of her minor son, R.L.P., appeals a final decision of Defendant Commissioner of Social Security (Commissioner) denying R.L.P.'s application for supplemental security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court finds that the administrative law judge's (ALJ) decision is supported by substantial evidence, and thus **RECOMMENDS** that:

- Lewis's motion [ECF No. 16] be **DENIED**;
- the Commissioner's motion [ECF No. 19] be **GRANTED**; and

- the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

I.  **BACKGROUND**

  A.  **R.L.P.'s Background and Disability Application**

Born August 20, 2007, R.L.P. was seven years old when Lewis applied for disability benefits in March 2015. [ECF No. 12-2, PageID.1052]. Lewis alleged that R.L.P. was disabled by obsessive-compulsive disorder, anxiety, and chronic constipation. [ECF No. 12, PageID.72]. After a hearing during which Lewis and R.L.P. testified, the ALJ found that R.L.P. was not disabled in an October 2017 written decision. [ECF No. 12-2, PageID.1049-1069]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Lewis timely filed for judicial review. [ECF No. 12, PageID.39-42; ECF No. 1].

B.  **The ALJ's Application of the Disability Framework Analysis**

A child under the age of 18 will be considered disabled if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner determines whether a child is

2

disabled by analyzing three sequential steps: (1) whether the child is engaged in "substantial gainful activity"; (2) whether the child has any "severe" impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listings). *See* 20 C.F.R. § 416.924(a); *Barnett ex rel. D.B. v. Comm'r of Soc. Sec.*, 573 F. App'x 461, 462 (6th Cir. 2014).

In analyzing functional equivalence, the ALJ examines the effects of a claimant's impairments on six behavioral domains: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for yourself, and (6) health and physical well-being. *Barnett*, 573 F. App'x at 464; 20 C.F.R. § 416.926a(b)(1). A claimant's impairments "functionally equal the listings" if they cause "'marked' limitations in two domains" or "an 'extreme' limitation in one domain." § 416.926a(a).

Applying this framework, the ALJ concluded that R.L.P. was not disabled. At the first step, he found that R.L.P. had not engaged in substantial gainful activity since the application date. [ECF No. 12-2, PageID.1052]. Next, the ALJ determined that R.L.P. had the severe impairments of constipation, encopresis obsessive-compulsive disorder,

3

oppositional defiance disorder, Asperger's, autism spectrum disorder, pervasive development disorder, and anxiety disorder. [*Id.*, PageID.1053]. At the third step, he concluded that R.L.P.'s impairments did not meet or medically equal the severity of the listed impairments. [*Id.*, PageID.1053-1055].

The ALJ also concluded that R.L.P.'s impairments were not the functional equivalent of a listed impairment. [*Id.*, PageID.1055-1068]. In assessing the six functional equivalence domains, the ALJ found that R.L.P. had less than a marked limitation in attending and completing tasks, interacting and relating with others, the ability to care for himself and health and physical well-being; and no limitation in acquiring and using information and the ability to move about and manipulate objects. [*Id.*, PageID.1063-1068]. R.L.P. was thus found not disabled. [*Id.,* PageID.1068-1069].

## II.   ANALYSIS

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).

Lewis argues that the ALJ erred by not properly analyzing whether R.L.P. met the listing for autism spectrum disorder, Listing 112.10, or the functional equivalent of any of the considered listings.[1] She argues that the ALJ overlooked the amount of support R.L.P. needed to be functional in assessing him with less than a marked limitation in the domains of attending and completing tasks, interacting and relating with others, caring for himself, and health and well-being. 20 C.F.R. § 416.926a(a)(1). Lewis also contends that R.L.P. was denied due process because the administrative record does not include a complete exhibit list, in violation of HALLEX I-2-I-20. The Court finds that the ALJ did not err in analyzing R.L.P.'s impairments at step three and that any violation of HALLEX does not require remand.

### A.

Lewis argues that the ALJ erred by not adequately assessing R.L.P.'s diagnosed Autism Spectrum Disorder under Listing 112.10. [ECF No. 16, PageID.1092-1099]. To meet that listing, a claimant must satisfy

---

[1] The ALJ considered R.L.P.'s impairments under Listings 105, 112.06, 112.08, and 112.10. 20 C.F.R. Part 404, Subpart P, Appendix 1.

paragraphs A and B:

    A. Medical documentation of both of the following:

    1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and

    2. Significantly restricted, repetitive patterns of behavior, interests, or activities.

    **AND**

    B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning…

    1. Understand, remember, or apply information…
    2. Interact with others...
    3. Concentrate, persist, or maintain pace...
    4. Adapt or manage oneself....

20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 112.10. Lewis contends that the ALJ failed to discuss whether R.L.P.'s impairment satisfied the paragraph A criteria of the listing. She also asserts that the ALJ's assessment of the paragraph B elements of the listing was incomplete; she says that he discussed only R.L.P.'s school records, which contradict a finding of marked limitation in mental functioning, without analyzing his psychiatric or medical records. [*Id.*, PageID.1096]. These arguments lack merit and the ALJ decision should be affirmed.

    Although the ALJ focuses on R.L.P.'s educational records in the immediate discussion of the paragraph B areas of mental functioning, he

6

thoroughly discusses R.L.P.'s psychiatric and medical records later in the decision. [ECF No. 12-2, PageID.1054, 1056-1063]. "[A] court must read the ALJ's step-three analysis in the context of the entire administrative decision, and may use other portions of a decision to justify the ALJ's step-three analysis." *Smith-Johnson v. Comm'r of Soc. Sec.,* 579 F. App'x 426, 435 n.9 (6th Cir. 2014) (internal citations omitted). The Sixth Circuit has held that an ALJ appropriately considered a claimant's combined impairments at step three in part because he "described evidence pertaining to all impairments…for five pages earlier in his opinion and made factual findings." *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).

The ALJ here did just that. He reviewed the records of R.L.P.'s psychiatrist, Roderick Smith, M.D., which reflect "no complaints of worsening of symptoms . . . or medication side effects," that R.L.P. "was benefitting and 70% improved with medication." [*Id.*, PageID.1057]. The ALJ also noted Dr. Smith's reports that R.L.P.'s "anxiety and depression were 'under good control' and that he was 'doing well.'" [*Id.*]. Dr. Smith's records also showed R.L.P.'s mental status examination findings were benign and that he was pleasant and cooperative, his mood and affect "restricted, but congruent," his speech "coherent and age-appropriate," his

7

insight and judgment limited or fair, his impulse control fair, memory intact, and attention span good.  [*Id.*].

In the nearly seven-page discussion of the medical, psychological and educational records, the ALJ noted that by May 2017 R.L.P. had met therapeutic goals for behavior, social awareness, and manners, basic communication, task completion/following instructions, mathematics, and self-care, but not reading.  [*Id.*, PageID.1060; ECF No. 12-1; PageID.987-989].  The ALJ described records showing that R.L.P. earning satisfactory marks in the fourth grade, did well attending Boys and Girls Club twice per week, and played with a neighbor friend.  [ECF No. 12-2, PageID.1060; ECF No. 12-1, PageID.956, 966].

The ALJ also considered and weighed the opinion evidence supplied by R.L.P.'s former teacher, former therapist, the consulting examiner and reviewing evaluator, and Dr. Smith.  [PageID.12-2, PageID.1060-1063]. Lewis argues that the ALJ's "rationale about not adopting Dr. Smith's opinion" on the listing issue "lacks substantial evidence."  [ECF No. 16, PageID.1094].  This one sentence argument is inadequate.  Courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argument[.]'" *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th

8

Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997). "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n. 1 (6th Cir. 2019) (citation and internal quotations omitted).

At any rate, the Court finds that the ALJ provided good reasons for rejecting Dr. Smith opinion that R.L.P. suffered marked limitations in his ability to understand, remember and apply information, interact with others, concentrate, persist or maintain pace, and adapt or manage oneself. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) ("The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion."). The ALJ noted that Dr. Smith's opinion was "not entirely consistent with the evidence of record, including the applied behavior analysis (ABA) treatment notes and educational records, which showed that the claimant was stable at social skills at 75%, and had mastered 8 of 11 goals from his 6-month assessment, and was showing no aggression at the center, and had no issues with toileting." [ECF No. 12-2, PageID.1062]. The ALJ also cited educational records reflecting satisfactory marks in school. [*Id.*]. Finally, he observed that Dr. Smith's opinion was not entirely consistent with his own treatment records, which showed significant improvement with medication, that R.L.P.'s

9

anxiety and depression were "under good control" and benign mental status examinations. [*Id.*].

Finally, contrary to Lewis's argument, a finding that the ALJ cited good reasons for discounting Dr. Smith's opinion is not an improper post hoc rationalization. [ECF No. 20, PageID.1144]. Lewis suggests that it is improper for the Court to consider the ALJ's reasoning outside of step three. [*Id.*]. That is not true. *See Smith-Johnson*, 579 F. App'x 435 n.9. And even if the ALJ's reasoning had been lacking, "it is proper for the court to evaluate whether the findings and opinions of the mental-health professional that [Lewis] contends supports a disability determination raises a substantial question." *Id.* at 435.

In sum, the ALJ's extensive discussion of R.L.P.'s medical, psychological and educational records as they related to his mental functioning justified the step three analysis and provided substantial evidence for the decision.[2]

---

[2] That the ALJ did not discuss paragraph A criteria of Listing 112.10 is inconsequential because a claimant must satisfy the elements of both paragraphs A and B to meet the listing. 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 112.10.

**B.**

Lewis argues that the ALJ failed to address the significant degree of support R.L.P. required to achieve the level of functionality he maintained, and that this failure amounts to reversible error. It is true that the ALJ must consider how well the child can initiate, sustain, and complete activities, including the kind, extent, and frequency of help or adaptations the child needs. 20 C.F.R. 416.924a; SSR 09-1p. But the ALJ fulfilled this obligation here by specifically discussing the accommodations R.L.P. received.

The ALJ noted that R.L.P. benefited from a 504 Plan at school, and that he received about eight hours a week of extra help at school. [ECF No. 12-2, PageID. 1054 citing ECF No. 12, PageID.248, 250, 299-300, 312, 316, 325-350, 355-356 and ECF No. 12-1, PageID. 557-566, 570, 580; ECF No. 12-2, PageID. 1056 citing ECF No. 12, PageID.136]. The ALJ also described R.L.P.'s nine hours per week of intensive ABA therapy, and two hours per week of tutoring related to his dyslexia. [ECF No. 12-2, PageID.1058 citing ECF No. 12-1, PageID.603; ECF No. 12-2, PageID.1056 citing ECF No. 12-1, PageID.1014, 1017].

In addition, the ALJ explicitly stated that he considered the type, extent, and frequency of help the claimant needs to function in evaluating R.L.P.'s limitations. [ECF No. 12-2, PageID.1055]. Although he did not

11

specifically assess the weight he gave to this consideration, courts do not require an ALJ to spell out the significance of each factor in the step three analysis. *See Bledsoe,* 165 F. App'x at 411. There is no heightened articulation standard at step three; the plain language of the ALJ's opinion stating that he considered the factors satisfies the ALJ's obligation under the regulations. *Id.* Lewis's challenge to the ALJ's step three determination is merely a request to reweigh the evidence, which the Court cannot do. *Lanthron v. Comm'r of Soc. Sec.,* No. 3:18 CV 0689, 2019 WL 1258785, at *5 (N.D. Ohio Jan. 31, 2019), *adopted*, 2019 WL 5729826 (N.D. Ohio Nov. 5, 2019).

### C.

Lewis also argues that this matter must be remanded because R.L.P. was denied due process when the list of exhibits in the administrative record was not updated after the unfavorable decision, in violation of HALLEX I-2-I-20.

"[T]he failure to comply with HALLEX, by itself, does not provide grounds for remand by a reviewing court." *Smith v. Comm'r of Soc. Sec.*, CV 17-12056, 2018 WL 3750971, at *13 (E.D. Mich. July 16, 2018), *adopted*, 2018 WL 3742018 (E.D. Mich. Aug. 7, 2018); *see also Dukes v. Comm'r of Soc. Sec.*, 2011 WL 4374557, *9 (W.D. Mich. Sept. 19, 2011)

(No circuit has held that the HALLEX creates constitutional rights because only the Constitution, and not an agency's rules or procedures, can be the source of such rights.) Thus, "HALLEX procedures are binding on the Social Security Administration, [but] . . . not . . . on courts reviewing the administration's proceedings." *Id.* (citing *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 399 (6th Cir. 2008)). Even when courts have been persuaded to remand for a HALLEX violation, they have done so only after the plaintiff shows prejudice from the failure to follow the procedures. *Creech v. Comm'r of Soc. Sec.*, 581 F. App'x 519, 521 (6th Cir. 2014).

Lewis asserts that R.L.P. was prejudiced by the failure to update the exhibit list after the hearing because its absence made it impossible for the Appeals Council, or even Lewis, to identify a record cited by the ALJ and thus trace his reasoning. [ECF No. 16, PageID.1090]. But only the ALJ decision, and not the Appeals Council's action denying review, is reviewable by this Court. *See Meeks v. Sec'y of Health and Human Servs.*, 996 F.2d 1215 (6th Cir. 1993). And Lewis did not argue that the anomaly with the record prevented her from raising any issue before this Court. Indeed, Lewis was able to sufficiently cite the later-updated record in her briefing to the Court, thus undermining any suggestion that the irregularity hindered her appeal. [ECF No. 16; ECF No. 20].

Any HALLEX violation occurring here did not deny R.L.P. his due process rights, and Lewis has shown no prejudice arising from the violation. Remand is not required.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Lewis's motion [ECF No. 16] be **DENIED**; that the Commissioner's motion [ECF No. 19] be **GRANTED**; and that the ALJ's decision be **AFFIRMED**.

Dated: February 8, 2021

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2021.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager